1  FRANK X. DIPOLITO (137157)
   JOHN G. NURSALL (134392)
2  SWAIN & DIPOLITO LLP
   555 East Ocean Boulevard, Suite 400
3  Long Beach, California  90802-5052
   Telephone:  (562) 983-7833
4  Facsimile:  (562) 983-7835

5  Attorneys for Cross-Defendant and Third-Party Defendant,
   AMERICAN SPIRIT LLC

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 AIR EXPRESS INTERNATIONAL USA,    )    Case No. CV08-06112
   INC., dba DHL GLOBAL FORWARDING,  )    R(JTLx)
12                                   )
                   Plaintiff,        )    Honorable Manuel L. Real
13                                   )
        vs.                          )    FINDINGS OF FACTS AND
14                                   )    CONCLUSIONS OF LAW
   FFE TRANSPORTATION SERVICES, INC.;)
15 FFE LOGISTICS, INC.; ROBIN'S      )
   TRADING 2 LTD.,                   )    DATE:  July 27, 2009
16                                   )    TIME:  10:00 a.m.
                   Defendants.       )    ROOM:  8
17 _____    )
   AND RELATED CLAIMS.               )
18 _____    )

19

20

21

22

23

24

25

26

27

28

I.

<u>FINDINGS OF FACT</u>

1.    Until September 2007, American Spirit operated as a motor carrier company with carrier authority.

2.    In September 2007, American Spirit ceased operating as a motor carrier.  Since September 2007, American Spirit has not provided motor carriage services for hire or otherwise.

3.    From September 2007 to the present date, American Spirit has not employed any drivers, and has not owned, leased, operated, or otherwise used any vehicles, to provide transportation services of any kind.

4.    On or about October 27, 2007, Robin's received an order from FFE Transportation Services Inc., to transport the Cargo from Hanover Park, Illinois, to Vernon, California.  Robin's accepted the order.

5.    On or about October 28, 2007, Robin's dispatched the order to Robin's Truck No. 245.

6.    Between September 2007, and March 2008, Robin's did not dispatch any cargo to American Spirit, or any employee or vehicle thereof.

///
///
///

7.   Robin's Truck No. 245 was a 1998 Freightliner tractor, VIN# 1FUYSDYB5WL968430 (the "TRACTOR").

8.   From approximately September 24, 2007, until at least March 2008, the TRACTOR was operated by Robin's.  During this time, the TRACTOR was operated under Robin's' carrier authority, and bore Robin's' Federal Motor Carrier Number, Robin's' Department of Transportation Number, and a decal reading "ROBIN'S TRADING."

9.   American Spirit did not carry, transport, load, unload, handle, store, broker, or provide services of any kind with respect to the Cargo.

10.   American Spirit did not issue a bill of lading, or any other transportation document, relating to the Cargo.

II.

CONCLUSIONS OF LAW

A. Summary Judgment Standard

1.   For matters on which the non-moving party has the burden of persuasion at trial, the moving party can establish its entitlement to summary judgment by: (1) negating an essential element of the opposing party's case; or (2) showing an absence of evidence for an essential element of the opposing party's case.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-160, 90

1  S.Ct. 1598, 26 L.Ed.2d 142 (1970);  Celotex Corp. v. Catrett, 477

2  U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

3

4      2    ROBIN'S TRADING 2 LTD.'s Third-Party Complaint alleges

5  a single cause of action for apportionment/statutory indemnity

6  under the Carmack Amendment, 49 U.S.C. § 14706(b) or, in the

7  alternative, for equitable indemnity under state law.

8

9          B. Statutory Indemnity under the Carmack Amendment

10

11     3.    Under Subsection (b) of the Carmack Amendment, a bill

12 of lading issuing carrier or delivering carrier who has paid a

13 judgment to the shipper is entitled to statutory indemnity from

14 the carrier who was in possession of the cargo at the time of the

15 cargo loss or damage.  Tokio Marine and Fire Ins. Group v. J.J.

16 Phoenix Exp., Ltd., 156 F.Supp.2d 889, 895-99 (N.D. Ill. 2001)

17 (discussing 49 U.S.C. § 14706(b)).

18

19     4.    To prevail on its claim for statutory indemnity under

20 Carmack, the bill of lading issuing carrier or delivering carrier

21 must prove, by a preponderance of the evidence, that the cargo

22 loss or damage did not occur while the cargo was in its

23 possession, but instead occurred while the cargo was in the

24 possession of the carrier it is suing for indemnity.  Id. at 897

25 (citing PNH Corp. v. Hullquist Corp., 843 F.2d 586, 592 (1st Cir.

26 1988)).

27 ///

28 ///

1    5.   Third-Party Plaintiff has not produced any evidence
2 that the cargo of frozen shrimp at issue in this case was in the
3 possession of Third-Party Defendant at the time of the alleged
4 loss.  See J.J. Phoenix Exp., Ltd., 156 F.Supp.2d at 895-99.

5

6    6.   Third-Party Defendant has produced evidence that
7 affirmatively establishes that the cargo of frozen shrimp at
8 issue in this case was not in its possession at the time of the
9 alleged loss or at any other time.  See id.

10

11    7.   Therefore, Third-Party Defendant AMERICAN SPIRIT LCC
12 has carried its burden by (1) negating an essential element of
13 Third-Party Plaintiff's case; and (2) showing an absence of
14 evidence for an essential element of Third-Party Plaintiff's
15 case.  Adickes, 398 U.S. at 158-160; Celotex, 477 U.S. at 325.

16

17               C.  Equitable Indemnity under State Law

18

19    8.   Under California law, a determination of fault on the
20 part of the alleged indemnitor is an essential element of a claim
21 for equitable indemnity.  Heritage Oaks Partners v. First Am.
22 Title Ins. Co., 155 Cal.App.4th 339, 348 (2007).

23

24    9.   Robin's has not produced any evidence that American
25 Spirit is in any way at fault for the alleged loss of the Cargo,
26 and American Spirit has produced evidence that affirmatively
27 establishes that it is not at fault for the alleged loss of the
28 Cargo.

1    10.   Therefore, American Spirit has carried its burden by

2  (1) negating an essential element of Robin's' equitable indemnity

3  claim; and (2) showing an absence of evidence for an essential

4  element of Robin's' equitable indemnity claim.  <u>Adickes</u>, 398 U.S.

5  at 158-160; <u>Celotex</u>, 477 U.S. at 325.

6

7                           III.

8                        <u>CONCLUSION</u>

9

10    11.   For the foregoing reasons, Third-Party Defendant

11  AMERICAN SPIRIT LLC's Motion for Summary Judgment against ROBIN'S

12  TRADING 2 LTD. is GRANTED.

13

14

15  DATED: July 30, 20009        _____

16                               MANUEL L. REAL
                                 UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28